IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE ODES HO KIM, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| DOME ENTERTAINMENT CENTER, INC., | § § | Civil Action No. 3:15-CV-0452-D |
| | § | (Bank. Ct. No. 07-36293-hdh11; |
| Plaintiff-Appellee, | § § | Adv. No. 14-03100) |
| | § | |
| VS. | § | |
| | § | |
| ODES HO KIM and CHONG ANN KIM, | § | |
| | § | |
| Defendants-Appellants. | § § | |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FITZWATER, District Judge:

Defendants-appellants Odes Ho Kim and Chong Ann Kim ("the Kims") appeal the bankruptcy court's summary judgment ruling declaring that Mrs. Kim was not awarded any form of relief in the bankruptcy court, district court, and Fifth Circuit rulings in Adversary Proceeding No. 08-03440 and therefore is not entitled to invoke the appraisal process of the parties' Note Adjustment Agreement.

As a threshold issue, the court concludes that the Kims's appeal should be treated as an appeal from the bankruptcy court's final declaratory judgment, entered on March 9, 2015. The bankruptcy court entered on January 27, 2015 its order granting summary judgment in

favor of plaintiff-appellee Dome Entertainment Center, Inc. ("Dome") on Dome's declaratory judgment action in the adversary proceeding below. The Kims filed their notice of appeal on February 10, 2015, after the bankruptcy court entered the January 27, 2015 order. But the bankruptcy court did not enter the final declaratory judgment until March 9, 2015. Fed. R. Bankr. P. 7058 provides, in pertinent part, that Fed. R. Civ. P. 58 "applies in adversary proceedings." Rule 58(a) states, with exceptions not pertinent here, that "[e]very judgment and amended judgment must be set out in a separate document[.]" It was therefore necessary for the bankruptcy court to set out its final judgment in a document that was separate from its January 27, 2015 order granting summary judgment. In fact, the bankruptcy court implicitly recognized this requirement when it directed in its January 27, 2015 order "that counsel for Dome shall submit a form of judgment" consistent with its summary judgment ruling. R. 13. And although the parties did not include the March 9, 2015 final declaratory judgment in the record on appeal, the court can take judicial notice of its contents, as the Kims requested at oral argument. *See, e.g., United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001) (citing Fed. R. Evid. 201(f)).

The Kims's February 10, 2015 notice of appeal—filed before the bankruptcy court entered its final judgment—should therefore be treated as a timely (albeit premature) notice of appeal from the March 9, 2015 final declaratory judgment. Fed. R. Bankr. P. 8002(a)(2) provides that "[a] notice of appeal filed after the bankruptcy court announces a decision or order—but before entry of the judgment, order, or decree—is treated as filed on the date of and after the entry." Although the Kims's notice of appeal states that the notice relates to the

bankruptcy court's "Order Granting Summary Judgment [Docket No. 22] dated January 27, 2[01]5 and appeals the issues presented therein" (first alteration in original), this court construes the notice of appeal liberally, *see, e.g., Rodman v. Stryker Sales Corp.*, 604 Fed. Appx. 81, 81 n.1 (2d Cir. 2015) (summary order), and technical errors in the notice of appeal are considered harmless unless the appellees show prejudice, *Eastern Associated Coal Co. v. Director, Office of Workers' Compensation Programs*, 578 Fed. Appx. 165, 170 n.8 (4th Cir. 2014) (per curiam). Dome's counsel acknowledged at oral argument that Dome has not been prejudiced by the content of the Kims's notice of appeal. It is apparent that the parties' briefs and arguments are essentially the same as they would have been had the Kims waited to file their notice of appeal until after the March 9, 2015 final declaratory judgment was entered. The court concludes that this appeal is properly before the court.

This court reviews the bankruptcy court's grant of summary judgment *de novo*, applying the same standards as the bankruptcy court. *See, e.g., In re CPDC, Inc.*, 337 F.3d 436, 441 (5th Cir. 2003). Having carefully considered the briefing and oral argument, the court concludes following *de novo* review that the bankruptcy court did not err in holding that Dome was entitled to summary judgment declaring that Mrs. Kim was not awarded relief as a result of the appeal of the bankruptcy court's memorandum opinion and order granting summary judgment in Dome's favor in Adversary Proceeding No. 08-03440.

Accordingly, the bankruptcy court's March 9, 2015 final declaratory judgment is AFFIRMED.

September 9, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE